# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

February 24, 2004

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
County Courthouse
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0157

Re: Whether the offense of "racing on the highway" under section 545.420 of the Transportation Code, when committed by a juvenile, is "delinquent conduct," "conduct indicating a need for supervision," or a "traffic offense," as those terms are defined by the Family Code (RQ-0105-GA)

Dear Ms. Yenne:

You ask how the offense of "racing on the highway," section 545.420 of the Transportation Code, should be classified under the Family Code, and whether juvenile courts or the justice and municipal courts have jurisdiction when a juvenile is charged with such an offense.[1]

## I. Relevant Law

The Juvenile Justice Code (the "JJC"), title 3 of the Family Code, provides for one or more juvenile courts for each county to be "presided over by a judge who has a sympathetic understanding of the problems of child welfare." TEX. FAM. CODE ANN. § 51.04(a)-(h) (Vernon 2002); see generally id. §§ 51.01-61.107 (Vernon 2002 & Supp. 2004) (the JJC). Generally, the juvenile court has exclusive jurisdiction over "the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of [the JJC] at the time the person engaged in the conduct." Id. § 51.04(a) (Vernon 2002). A "child" under the JJC is generally defined as a person ten years old or older but less than seventeen years old. Id. § 51.02(2) (Vernon Supp. 2004). Delinquent conduct includes violations, other than traffic offenses, of state or federal penal laws punishable by imprisonment or confinement in jail. Id. § 51.03(a)(1).[2] Conduct indicating a need for supervision includes conduct, other than traffic

---

[1]*See* Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to the Texas Attorney General (Sept. 16, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Delinquent conduct is:

(continued...)

offenses, that is a state-law misdemeanor punishable by fine only and penal offenses of political subdivisions. *See id.* § 51.03(b)(1).[3] Consequently, juvenile courts have exclusive jurisdiction over penal violations by a child, from misdemeanors to felonies, other than traffic offenses.

The JJC defines traffic offenses as including penal violations cognizable under chapter 729 of the Transportation Code, with certain enumerated exceptions. *See id.* § 51.02(16).[4] In particular, section 729.001 of the Transportation Code provides that a person "younger than 17 years of age commits an offense if the person operates a motor vehicle on a public road or highway, a street or alley in a municipality, or a public beach in violation of any traffic law of this state," with certain

---

[2](...continued)
> (1) conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail[.]

TEX. FAM. CODE ANN. § 51.03(a)(1) (Vernon Supp. 2004).

[3]Conduct indicating a need for supervision is:

> (1) subject to Subsection (f), conduct, other than a traffic offense, that violates:
>
>> (A) the penal laws of this state of the grade of misdemeanor that are punishable by fine only; or
>>
>> (B) the penal ordinances of any political subdivision of this state[.]

*Id.* § 51.03(b).

[4]"Traffic offense" means:

> (A) a violation of a penal statute cognizable under Chapter 729, Transportation Code, except for:
>
>> (i) conduct constituting an offense under Section 521.457, Transportation Code [driving with an invalid license];
>>
>> (ii) conduct constituting an offense under Section 550.021, Transportation Code [accident involving personal injury or death];
>>
>> (iii) conduct constituting an offense punishable as a Class B misdemeanor under Section 550.022, Transportation Code [accident involving vehicle damage];
>>
>> (iv) conduct constituting an offense punishable as a Class B misdemeanor under Section 550.024, Transportation Code [duty on striking unattended vehicle]; or
>>
>> (v) conduct constituting an offense punishable as a Class B misdemeanor under Section 550.025, Transportation Code [duty on striking fixture or landscape]; or
>
> (B) a violation of a motor vehicle traffic ordinance of an incorporated city or town in this state.

*Id.* § 51.02(16).

enumerated exceptions. TEX. TRANSP. CODE ANN. § 729.001(a) (Vernon Supp. 2004).[5] An offense under section 729.001 is punishable by fine or other sanction, other than confinement or imprisonment, as the applicable traffic law provides. *See id.* § 729.001(c).

Section 545.420 of the Transportation Code proscribes certain conduct involving racing on a highway:

(a) A person may not participate in any manner in:

(1) a race;

(2) a vehicle speed competition or contest;

(3) a drag race or acceleration contest;

(4) a test of physical endurance of the operator of a vehicle; or

(5) in connection with a drag race, an exhibition of vehicle speed or acceleration or to make a vehicle speed record.

(b) In this section:

---

[5]Section 729.001(a) provides:

(a) A person who is younger than 17 years of age commits an offense if the person operates a motor vehicle on a public road or highway, a street or alley in a municipality, or a public beach in violation of any traffic law of this state, including:

(1) Chapter 502, other than Section 502.282 [repealed] or 502.412 [operating a vehicle at a weight in excess of the registration application];

(2) Chapter 521, other than an offense under Section 521.457 [driving with invalid license];

(3) Subtitle C, other than an offense punishable by imprisonment or by confinement in jail under Section 550.021 [accident involving personal injury or death], 550.022 [accident involving vehicle damage if Class B misdemeanor], 550.024 [duty on striking unattended vehicle if Class B misdemeanor], or 550.025 [duty on striking fixture or landscaping if Class B misdemeanor];

(4) Chapter 601;

(5) Chapter 621;

(6) Chapter 661; and

(7) Chapter 681.

TEX. TRANSP. CODE ANN. § 729.001(a) (Vernon Supp. 2004).

(1) "Drag race" means the operation of:

(A) two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other; or

(B) one or more vehicles over a common selected course, from the same place to the same place, for the purpose of comparing the relative speeds or power of acceleration of the vehicle or vehicles in a specified distance or time.

(2) "Race" means the use of one or more vehicles in an attempt to:

(A) outgain or outdistance another vehicle or prevent another vehicle from passing;

(B) arrive at a given destination ahead of another vehicle or vehicles; or

(C) test the physical stamina or endurance of an operator over a long-distance driving route.

(c) [Blank]

(d) Except as provided by Subsections (e)-(h), an offense under Subsection (a) is a Class B misdemeanor.

(e) An offense under Subsection (a) is a Class A misdemeanor if it is shown on the trial of the offense that:

(1) the person has previously been convicted one time of an offense under that subsection; or

(2) the person, at the time of the offense:

(A) was operating the vehicle while intoxicated, as defined by Section 49.01, Penal Code; or

(B) was in possession of an open container, as defined by Section 49.031, Penal Code.

(f) An offense under Subsection (a) is a state jail felony if it is shown on the trial of the offense that the person has previously been convicted two times of an offense under that subsection.

(g) An offense under Subsection (a) is a felony of the third degree if it is shown on the trial of the offense that as a result of the offense, an individual suffered bodily injury.

(h) An offense under Subsection (a) is a felony of the second degree if it is shown on the trial of the offense that as a result of the offense, an individual suffered serious bodily injury or death.

*Id.* § 545.420. Previously, the statute prohibited such conduct but did not prescribe a penal sanction. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1025-1832. Since September 1, 2003, however, a violation of section 545.420 is a penal offense subject to punishment ranging from a Class B misdemeanor to a second degree felony, depending on a particular violation's circumstances. *See* TEX. TRANSP. CODE ANN. § 545.420(d)-(h) (Vernon Supp. 2004); Act of May 30, 2003, 78th Leg., R.S., ch. 535, §§ 1-2, 2003 Tex. Gen. Laws 1825, 1825-26.

In light of the 2003 amendment to section 545.420, you ask:

1. Is a violation of Section 545.420 of the Texas Transportation Code a "traffic offense" as defined in Section 51.02(16) of the Texas Family Code?

2. Is a violation of Section 545.420 of the Texas Transportation Code "delinquent conduct" as defined in Section 51.03 of the Texas Family Code?

3. Is a violation of Section 545.420 of the Texas Transportation Code "conduct indicating a need for supervision" as defined in Section 51.03 of the Texas Family Code?

4. Is a violation of Section 545.420 of the Texas Transportation Code referred to juvenile court, a justice of the peace court, or a municipal court?

Request Letter, *supra* note 1, at 2.

## II.    Analysis

We begin by examining the plain and common meaning of the statutes. Courts generally interpret an unambiguous statute according to its plain language unless a literal construction would lead to absurd results. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003) ("If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning."); *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (citations omitted) (unambiguous statutes "should not be construed by a court to mean something other than the plain words say unless there is an obvious error such as a typographical one that resulted in the omission of a word, or application of the literal language of a legislative enactment would produce an absurd result"); *Wolfe v. State*, 120 S.W.3d 368, 370 (Tex. Crim. App. 2003) ("Whenever

possible, this Court interprets a statute pursuant to its 'plain [textual] meaning' and will not consult outside sources unless the statute is ambiguous or unless its literal translation will result in 'absurd consequences.'").

The JJC expressly defines delinquent conduct and conduct indicating a need for supervision to exclude traffic offenses. *See* TEX. FAM. CODE ANN. §§ 51.03(a)(1), (b)(1) (Vernon Supp. 2004). A traffic offense under the JJC is an offense cognizable under chapter 729 of the Transportation Code. *Id.* § 51.02(16). The offenses cognizable under section 729.001 of the Transportation Code include operating a vehicle on a public highway in "violation of any traffic law of this state," and specifically include subtitle C of the Transportation Code. TEX. TRANSP. CODE ANN. § 729.001(a)(3) (Vernon Supp. 2004). Section 545.420 is located in subtitle C of the Transportation Code. Section 545.420 is not among the various exceptions to the definition of a traffic offense in the Family Code nor to the offenses cognizable in chapter 729 of the Transportation Code. *See* TEX. FAM. CODE ANN. § 51.02(16)(A)(i)-(v) (Vernon Supp. 2004); TEX. TRANSP. CODE ANN. § 729.001(a)(1)-(3) (Vernon Supp. 2004). Consequently, according to the plain language of the JJC and the Transportation Code, a violation of section 545.420 by a child is a traffic offense. As such, a violation of section 545.420 by a child is neither delinquent conduct nor conduct indicating a need for supervision as those terms are defined in the Family Code. And because a violation of section 545.420 is a traffic offense, proceedings for its violation are not within the juvenile court's jurisdiction. *See* TEX. FAM. CODE ANN. §§ 51.04(a) (Vernon 2002) (defining juvenile court jurisdiction in terms of delinquent conduct and conduct indicating a need for supervision), 51.03(a)(1) (Vernon Supp. 2004) (excluding traffic offenses from definition of delinquent conduct), 51.03(b)(1) (excluding traffic offenses from definition of conduct indicating a need for supervision).

Justice courts and municipal courts have jurisdiction over criminal violations punishable by fine only or by fine and a statutory sanction other than confinement or imprisonment. *See* TEX. CODE CRIM. PROC. ANN. arts. 4.11, 4.14(b)(1), (c) (Vernon Supp. 2004). A violation of section 729.001 is punishable by fine or sanction other than confinement or imprisonment. *See* TEX. TRANSP. CODE ANN. § 729.001(c) (Vernon Supp. 2004). Accordingly, a violation of section 545.420 of the Transportation Code, which violates section 729.001 when committed by a child, would be within the jurisdiction of justice courts and municipal courts.

The Texas Juvenile Probation Commission (the "Commission") has tendered a brief in which it takes the position that the offense of racing on the highway should be classified as delinquent conduct within the jurisdiction of the juvenile court and not as a traffic offense.[6] The Commission acknowledges that the "letter of the law" is contrary to its position.[7] It notes, however, that the legislature in 2003 excepted two other penal offenses punishable by confinement in jail from the

---

[6]*See* Letter Brief from Pierre T. Williams, Staff Attorney, Texas Juvenile Probation Commission, to Honorable Greg Abbott, Texas Attorney General (Nov. 6, 2003) (on file with Opinion Committee) [hereinafter Commission Brief].

[7]*Id.* at 2.

definition of a "traffic offense" in Family Code section 51.02(1).[8] The Commission contends that when the legislature categorized racing on the highway as an offense ranging from a Class B misdemeanor to a second degree felony, it never intended that justice courts would have jurisdiction of the offense when committed by a child. *See* Commission Brief, *supra* note 6, at 3. Furthermore, the Commission suggests that classifying racing on the highway as a traffic offense would be contrary to the spirit of juvenile justice theory reflected in the Family Code that "offenses which carry a penalty of confinement in jail or imprisonment not be classified as traffic offenses but as delinquent conduct under the jurisdiction of the juvenile court." *Id.*

However, the plain language of the statutes classifies the offense of racing on the highway under Transportation Code section 545.420 as a traffic offense. We cannot construe the offense as conduct other than a traffic offense without rewriting the statutes. The legislature's failure to exclude section 545.420 of the Transportation Code from offenses cognizable under section 729.001 could have been an oversight or deliberate; the legislative history does not reveal an obvious error that would permit a contrary construction. Generally, courts are careful to avoid rewriting a statute when attempting to construe it. *See Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (holding that if claimed omission "was in fact an oversight in the statute, it is the business of the legislature, rather than this court, to correct it"); *Fleming Foods*, 6 S.W.3d at 284 (where codified statute is unambiguous, plain meaning rule applies even if codification is inconsistent with its statutory predecessor).

Moreover, construing section 729.001 of the Transportation Code as including section 545.420 does not lead to absurd results. Before 1999, a violation of section 729.001 was expressly punished as a Class C misdemeanor, regardless of the punishment an adult might receive for violating the underlying offense.[9] In 1999, the legislature amended section 729.001(c) to provide that a cognizable offense committed by a child is "punishable by the fine or other sanction, other than confinement or imprisonment, authorized by statute for violation of the [listed] traffic law . . . that is the basis of the prosecution under this section." TEX. TRANSP. CODE ANN. § 729.001(c) (Vernon Supp. 2004).[10] In other words, after 1999, a violation of section 729.001(c) is not necessarily a Class C misdemeanor; rather, punishment corresponds to the punishment provided for the underlying offense other than confinement or imprisonment. Although the legislature has generally excluded more serious violations from offenses cognizable under 729.001 of the Transportation Code and the definition of a traffic offense under 51.02(16) of the Family Code, it has not done so uniformly. *See, e.g., id.* §§ 545.066(c)(1)-(2) (offense of passing a school bus ranges from misdemeanor to state jail felony), 548.603(d) (Vernon 1999) (offense involving fictitious or counterfeit inspection sticker or insurance document ranges from Class B misdemeanor to second

---

[8]*Id.; see also* Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 1, 2003 Tex. Gen. Laws 1221, 1221 (excepting Transportation Code sections 521.457, 550.025 from the Family Code definition of a traffic offense).

[9]Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1025-1832, *amended by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 30.167, 1997 Tex. Gen. Laws 327, 683, *amended by* Act of May 23, 1997, 75th Leg., R.S., ch. 822, § 1, 1997 Tex. Gen. Laws 2657, 2657, *amended by* Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 40, 1997 Tex. Gen. Laws 4179, 4193-94.

[10]Act of May 27, 1999, 76th Leg., R.S., ch. 1477, § 36, 1999 Tex. Gen. Laws 5067, 5090.

degree felony), 601.371(d) (Vernon Supp. 2004) (operation of motor vehicle in violation of suspension). Consequently, we cannot conclude that construing the Family Code and the Transportation Code as written produces an absurd result.

Finally, we observe that conduct which violates section 545.420, in particular the factors that aggravate punishment to a second or third degree felony, may also violate a section of the Transportation Code that is excluded from the definition of a traffic offense in the Family Code or the offenses cognizable in chapter 729 of the Transportation Code. *Compare* TEX. TRANSP. CODE ANN. § 545.420(e)(2), (g)-(h) (Vernon Supp. 2004) (offense of racing on the highway involving alcohol or personal injury or death), *with id.* §§ 550.021 (Vernon 1999) (offense of causing an accident involving personal injury or death), 550.022 (offense of accident involving vehicle damage if Class B misdemeanor). *See also id.* § 729.001(a) (Vernon Supp. 2004) (excluding sections 550.021 and 550.022 from offenses cognizable under chapter 729); TEX. FAM. CODE ANN. §§ 51.03(a)(3)-(4) (Vernon Supp. 2004) (defining delinquent conduct as including alcohol-related driving offenses), 51.02(16)(A)(ii) (excluding accidents involving personal injury or death from the definition of traffic offense). A charge that a child has violated a penal provision excluded from the definition of a traffic offense would be within the exclusive jurisdiction of the juvenile court. *See* TEX. FAM. CODE ANN. § 51.04(a) (Vernon 2002).

## S U M M A R Y

Operation of a vehicle on a highway in violation of section 545.420 of the Transportation Code — "racing on the highway" by a person younger than seventeen years of age — is a violation of section 729.001 of the Transportation Code, and under the Family Code is a traffic offense rather than delinquent conduct or conduct indicating a need for supervision within the jurisdiction of the juvenile court.    A violation of section 729.001 is within the jurisdiction of justice and municipal courts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee